9302

TOWN OF BELTON v. CAMPBELL.

(88 S. E. 30.)

Intoxicating Liquors.   Issues.   Fines.   Appeal and Error.

1. Intoxicating Liquors—Offense—Illegal Sale or Storage—Label of Bottle.—Under a town ordinance prohibiting the storing of intoxicating liquors and their sale, a defendant is guilty who stores and sells a liquid or liquor which is used as a beverage and produces intoxication, irrespective of how the bottle is labeled.

2. Criminal Law—Review—Findnigs.—On appeal from a conviction of violating a town ordinance by storing and selling intoxicating liquors, the question whether the stuff sold was forbidden by the ordinance was a question of fact, not reviewable by the Supreme Court, which has no jurisdiction to find the facts in a law case.

3. Intoxicating Liquors—Offense—Illegal Sale and Storage of Mixture.—It is not a defense to a prosecution for violating a town ordinance by selling and storing intoxicating liquor that a forbidden liquor is sold in a mixture; the offense being in the sale and storing of the unlawful part of the mixture.

4. Intoxicating Liquors—Prosecution—Amount of Fines—Discretion of Court.—In a prosecution for violation of a town ordinance by

storing and selling intoxicants, fines of $100 for the selling and of a like amount for the storing were not an abuse of the trial Court's discretion.

Before MOORE, J., Anderson, October, 1915.    Affirmed.

A. J. Campbell, being convicted of storing and selling intoxicating liquors, appeals.    The facts are stated in the opinion.

*Mr. S. M. Wolfe,* for appellant.

*Mr. Leon L. Rice,* for respondent, submits: *Exceptions only attempt to raise questions of fact:* 62 S. C. 405; 100 S. C. 443.

March 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The following appears in the case:

"This was a prosecution by the town of Belton against the defendant, A. J. Campbell, on two separate charges contained in two separate warrants, respectively, to wit; 'Storing intoxicating liquors or beverages, in violation of section 3 of the town ordinance, etc.,' and 'Selling intoxicating spirits in violation of section 15 of the town ordinance.' The defendant was declared guilty in both cases and the mayor imposed a fine of $100.00 in each case.    From the judgment defendant appealed to the Circuit Court and from the order of that Court sustaining the judgment of the mayor's Court, defendant now appeals to the Supreme Court.

Section (15) of the town ordinance, is as follows:

'It shall be deemed a misdemeanor for any person to sell, barter, exchange or give away in connection with any trade, any distilled, malt, vinous or other alcoholic liquors or any

intoxicating liquors, whiskey or spirits of any kind in the town of Belton.'

Paragraph (5) of section (3), of the town ordinance, is as follows:

'It shall be unlawful for any intoxicating liquors or beverages to be stored or kept in any place of business or clubroom or house in the town of Belton, whether for personal use or otherwise, and the liquors or beverages herein allowed to be imported, if stored, must be stored in the home or private room of the person or persons so ordering.'

The grounds urged upon appeal to the Circuit Court, and now invoked upon appeal to the Supreme Court, are as follows:

(1) Because the testimony wholly unwarranted the verdict upon which judgment was rendered in the case charging 'a storing of intoxicating liquors or beverages in violation of section 3 of the ordinance,' there being no evidence that the defendant stored 'intoxicating liquors or beverages.'

(2) Because the testimony wholly unwarranted the verdict upon which judgment was rendered in the case charging 'selling intoxicating spirits in violation of section 15 of the ordinance,' there being no evidence that the defendant sold 'intoxicating spirits.'

(3) Because the testimony shows that the concoction or extract of ginger offered in evidence, was a 'mixture' if anything, and neither case was predicated upon an ordinance making the storing, or sale of such 'mixture' an offense.

(4) Because the judgment imposed a fine in each instance in contravention of the spirit and the letter of section 19, of article I, of the Constitution of 1895, in that said fines were unreasonable and excessive.

The order of the Circuit Judge was, omitting caption, as follows:

'After hearing argument, it is the order of this Court that the judgment of the mayor's Court be, and the same is hereby, affirmed and the appeal dismissed.' "

There is testimony to show that the appellant sold and stored a liquid or liquor that was used as a beverage and that it produced intoxication. The label on the bottle is wholly immaterial.

The question as to whether the "stuff" sold was such as was forbidden by the ordinance, was a question of fact with which this Court has nothing to do. It has no jurisdiction to find the facts in a case at law.

That the forbidden liquor is sold in a mixture is not a defense. The offense is in the sale and storing of the unlawful part of the mixture.

The amount of the fine was in the discretion of the trial Court, and its discretion does not appear to have been abused.

All the exceptions are overruled and the judgment appealed from is affirmed.